# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 7, 2017
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEREMY YOUNG,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0291** (BOR Appeal No. 2051574)
                              (Claim Nos. 2015033842 & 2015034467)

**CITY OF BECKLEY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Jeremy Young was working as a police officer for the City of Beckley when he alleges he injured his left shoulder on two separate occasions; once while falling on wet tile and once while shooting his firearm, both during the course of his employment. We are asked to decide whether this injury was properly found to be non-compensable. We are guided by West Virginia Code § 23-4-1 (2008), which provides that an injury is compensable if it was a personal injury received in the course of and resulting from employment. After a thorough review of the evidence, we find that Mr. Young did not sustain a compensable injury in the course of his employment. We also find, after consideration of the parties' briefs and evidentiary record, that the decisional process would not be significantly benefitted by oral argument. We find no substantial question of law or prejudicial error. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Young alleges that he first injured his left shoulder in the course of his employment on April 23, 2015, when he slipped and fell on a wet floor. He further alleges that he injured his shoulder on May 6, 2015, while doing his weapon qualification while on duty. Treatment notes from Veterans Administration Beckley Medical Center ("Beckley VA") on May 6, 2015, indicate Mr. Young was seen for left shoulder and bilateral wrist pain from a fall ten days prior. X-rays were negative for fractures or breaks. He was diagnosed with sprains in the upper extremities. A left shoulder MRI showed a small inferior labral tear. X-rays of the left wrist, right wrist, and left elbow were negative.

A month later, Mr. Young returned to Beckley VA for left shoulder pain. At that point, he stated that he was running at his place of work in April, when he stepped on a wet floor, causing him to slip and fall on his left side. On examination, the left shoulder was tender and range of motion produced pain. He was diagnosed with left shoulder strain with possible inferior labral tear. In a report of injury, Mr. Young stated that he injured his left shoulder, left elbow, and both

1

wrists on April 23, 2015, when he was entering the school while it was raining. He slipped and fell on the tile floor. The diagnosis was listed as occupational shoulder strain with possible labral tear and a wrist injury. A second report of injury indicates Mr. Young injured his shoulder on May 6, 2015, and stopped working due to that injury one month later. The description of how the injury occurred was illegible.

Stephen Jones performed an investigation into Mr. Young's alleged injuries. Mr. Jones noted that these injuries were not reported until after a job performance discussion was had with Mr. Young in which it was suggested he may be reassigned to road patrol. Mr. Jones spoke with the principal of the school where Mr. Young was working as a resource officer. Principal Pauley told Mr. Jones that he stands every morning in the area in which Mr. Young alleges he fell and he never witnessed such an accident. Principal Pauley said that he was not made aware of an injury until several days later on May 5, 2015, when Mr. Young's supervisor came to the school to speak with Mr. Young. Principal Pauley stated that the conversation was not pleasant and allegedly related to some undesirable work habits. He recalled Mr. Young stating that if he could not be the resource officer, he would go on medical leave. On May 6, 2015, Mr. Young told Principal Pauley that he injured his left shoulder at the shooting range. Principal Pauley reiterated that he did not witness him fall in the hallway and that he did not believe such an injury occurred.

Mr. Jones also described a meeting with J.R. Corey, the range officer for the Beckley Police Department. Mr. Corey was present for the firearms qualifications on May 6, 2015. Mr. Corey stated that Mr. Young passed his qualifications and never mentioned that his shooting arm was not well. He did not report an injury at that time. Mr. Jones also met with Chief of Police, Lonnie Christian. Chief Christian stated that Mr. Young was transferred to routine road patrol in June of 2015, called in sick for the first week he was scheduled on road patrol, and has since submitted workers' compensation claims to include injuries in both April and May. He did not report the injuries until after he was reassigned. Beckley Police Department conducted an internal inquiry. Mr. Jones stated that Mr. Young was unable to perform light duty due to his inability to use a typewriter without pain, but he was observed on video pushing and pulling on mud-stuck four-wheelers. Finally, Mr. Jones reported a conversation with Mr. Young, where Mr. Young told him he injured himself in April when he slipped and fell. He stated that several weeks later he was at a gun range and injured his shoulder. Mr. Young acknowledged that since the alleged injury he has been able to ride his motorcycle, cut grass, weedeat, and ride his all-terrain vehicle.

Yogesh Chand, M.D., was asked to evaluate Mr. Young and stated that he was unsure which injury to the left shoulder caused the labral tear. He believed that the tear occurred in April and was then aggravated in May. In light of that, the problem with the left shoulder was determined to be related to the May injury. The wrist, hands, and elbows were found to be related to the April injury.

Mr. Corey stated in an affidavit that he saw Mr. Young arrive and leave for firearm qualifications. Mr. Young did not mention a shoulder injury, nor did Mr. Corey observe any physical signs that he was injured. However, after Mr. Young did not perform well, he

2

mentioned to another officer that his performance was related to an alleged shoulder injury. Mr. Corey stated that he believed Mr. Young mentioned the alleged injury to excuse his below average performance. He said that nothing about his behavior before or during qualifications suggested he was injured.

Principal Pauley also completed an affidavit with a transcript of his conversation with Mr. Jones attached. The principal stated that he did not believe Mr. Young fell at the school in April. Mr. Young contacted him three weeks later and told him that he was injured while at the shooting range. His supervisor came to the school and reprimanded Mr. Young for poor performance. Later that day, Mr. Young told Principal Pauley that if he could not work at the school, he would go out on medical leave. Mr. Young texted Principal Pauley the next day and said he injured his shoulder at the shooting range and would not be at work. Principal Pauley said that every morning he and two teachers stand feet away from the area where Mr. Young allegedly fell and none of them witnessed the fall.

Clark McCormick testified in a deposition on that he is a corporal with the Beckley Police Department. He stated that Mr. Young stood beside him when they did the weapon qualifications. Mr. Young did not shoot well and told Mr. McCormick that his shoulder was hurting. However, Mr. McCormick admitted that he saw no signs of injury. Mr. Young testified in a deposition that he had no symptoms in his left shoulder, elbow, or wrist prior to the April injury. He stated that it was raining that day and he was hurriedly moving inside the school when he slipped on a tile and fell. After the injury he performed the rest of his duties that day because he thought he just stoved his arm. He believed that he told his supervisor, Lieutenant McPeak, of the alleged April injury prior to the occurrence of the May injury. He stated that at the gun range on May 6, 2015, he was shooting with his arms extended when he felt a pop in his shoulder along with tingling, aching, and burning. After he finished shooting he told Mr. McCormick that he hurt his shoulder. He stated that he went from the gun range directly to Beckley VA. He stopped working in June. Mr. Young admitted that he took a six hour motorcycle trip to North Carolina after he stopped working. He also discussed a video of him and some other men trying to get a four-wheeler out of some mud. He said that he could not perform his job duties because he could not defend himself, cannot shoot as well now, and cannot do paperwork for more than ten minutes without his wrists hurting and locking up.

The claims administrator denied the applications for benefits for both the first and second injuries. The Office of Judges affirmed the decisions. For the April alleged injury at the school, the Office of Judges found that the employer submitted enough persuasive evidence to rebut Mr. Young's allegation that he sustained a compensable injury in April. For example, Mr. Young alleged that he slipped on a wet floor because it was raining that day; however, the employer submitted a weather report that showed no rain on that day. Further, Principal Pauley asserted that Mr. Young sent him a text message on May 6, 2015, stating his shoulder was injured on the gun range and he made no mention of an injury at the school. Principal Pauley also stated that prior to Mr. Young reporting an injury, his supervisor came to the school to discuss his poor job performance and reassignment to road patrol. He stated that Mr. Young told him at that time that if he were reassigned, he would go out on medical leave. Finally, he asserted that he and several teachers stand in the area where he allegedly fell and he never witnessed a fall. The Office of

Judges further found that Mr. Young's activities after he stopped working were inconsistent with an individual who was unable to perform light work, including typing. Mr. Young testified that he rode his motorcycle on a six hour trip to North Carolina, and he also admitted to all-terrain vehicles activities, including helping to get a four wheeler unstuck from mud.

For the May alleged injury at the gun range, the Office of Judges determined that a preponderance of the evidence does indicate Mr. Young has a labral tear in his left shoulder. He alleges that he raised his gun to fire and felt a pop in his shoulder. The injury report alleges that he sustained a new left shoulder injury. In support, Mr. Young submitted the testimony of Mr. McCormick; however, an affidavit by Mr. Corey, the gun range officer, stated that he did not witness an injury, nor was he told of one. The Office of Judges concluded that the mechanism of injury is inconsistent with a person sustaining a labral tear. Mr. Young's testimony also suggests he did not sustain a new injury in May. He stated that he visited the hospital on that day because he had fallen previously and his shoulder was still hurting so he thought he may have seriously injured it. The Office of Judges held that the claimant did not sustain a new injury in May. In summary, the Office of Judges found that a preponderance of the evidence indicates Mr. Young did not sustain a compensable injury in either April or May. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

On appeal before this Court, Mr. Young argues that he proved by a preponderance of the evidence that he was injured on two separate occasions. He asserts that he sustained a labral tear of the left shoulder and there is no other explanation in the record other than the injuries in April and May. He further argues that though he did not report his April slip and fall injury to Principal Pauley, the principal is not his boss and he would have no reason to inform him of an injury. The City of Beckley argues that the evidence shows Mr. Young did not sustain injuries in either April or May. It further asserts that the evidence shows he had a problematic shoulder prior to the alleged injuries.

After review of the evidentiary record and the parties' arguments, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates that Mr. Young did not fall at the school on April 23, 2015. There were no witnesses to the injury, he did not report the injury to anyone, and there are inconsistencies in his version of the events and the evidence of record. A preponderance of the evidence also indicates he was not injured on May 6, 2015, as the act of lifting a fire arm is not consistent with sustaining a labral tear. We therefore find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

4

Affirmed.

**ISSUED: November 7, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5